## COHN, Respondent, v. NAUGHTON, Appellant.

### St. Louis Court of Appeals, October 22, 1907.

1. **LANDLORD AND TENANT: Action for Repairs: Pleading.** In an action by a tenant against his landlord brought before a justice of the peace for the cost of repairs, an allegation in the complaint of an agreement on the part of the landlord to repair was sufficient to let in evidence of a faulty construction not known at the time nor provided for specifically in the lease.

2. ———: ———: **Evidence.** In an action by a tenant against his landlord for the cost of repairs which it was alleged the landlord agreed to make by the terms of his lease, where the record shows that the trial court was acquainted with portions of the lease relevant to the controversy and considered it in making up his verdict, the fact that the lease is not in the record will not warrant a reversal.

3. ———: ———. In such case the evidence is examined and held sufficient to show that the repairs, the cost of which was sued for, came within the terms of the lease.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald,* Judge.

AFFIRMED.

*Walter H. Nohl* for appellant.

*Jacob Oppenheimer* for respondent.

BLAND, P. J.—On June 16, 1905, respondent, in writing, leased from appellant premises No. 4459 Morgan street, in the city of St. Louis, for a term of three years. In a week or two after respondent took possession there was a rain, and water came through a defect in the construction of the sills of one of the front windows and flooded the parlor. Respondent notified appellant of the leak, and requested her to make repairs. Her agent sent a carpenter to examine the window and see what was the trouble. The carpenter discovered the leak was

caused by faulty construction and proceeded to make the necessary repairs without first obtaining an order or permit from appellant or her agent to do so, but on the assurance of respondent's wife that if appellant would not pay for the work she would. Respondent paid for the work on appellant's refusal to do so, and the action is to recover the amount so paid (six dollars). The suit was begun before a justice of the peace and in due course appealed to the circuit court, where on a trial *de novo* to the court sitting as a jury, judgment was rendered for respondent for six dollars. The appeal was taken from this judgment in the usual way.

1. The first contention of appellant is that the complaint filed before the justice is insufficient to support the judgment. Among other things the complaint states that at the time the lease was made respondent agreed to repair the front windows. It was at a front window where the leak occurred, and although the faulty construction was not known at the time of the lease, and for that reason not specifically provided for in the contract of lease, yet we think the complaint is broad enough to comprehend the item of repairs for which the judgment was recovered.

2. The court held appellant liable on the theory that the repairs were wall repairs. Appellant contends this was error for the reason the lease was not put in evidence. The lease is not in the record but the abstracts show the following:

"Mr. Nohl (appellant's attorney): Shall I read the lease, your Honor?

"The Court: I have read the portions of the lease bearing on this controversy."

This piece of evidence shows the trier of the facts made himself acquainted with such parts of the lease as were relevant to the controversy and although the instrument was not formally offered in evidence, its

contents were read by the court, and considered by it in making up its verdict. We therefore rule this point against appellant.

3.   It is further contended by appellant that the verdict is against the weight of the evidence in that respondent's evidence shows the repairs were done to the window and not to the wall. In respect to the work, L. B. Lighter, the carpenter, who did it, testified as follows:

"Q.   What is the nature of the premises, and the work that you done to put them in proper condition? A.   Well, that large window is the main thing, I believe. It is the faulty work of the builder that caused the water coming in. Now, if you want me to illustrate it, I can do so.

"The Court: As to this grand aggregate of twelve dollars, I do not want many illustrations.

"By Mr. Nohl: What was the work that you did? A.   To stop that leaking.

"By Mr. Oppenheimer: Where was the leakage? A.   Right under the sub-sill; between that and the rock, the stone sill. This stone sill should have passed beyond the sub-sill at least two inches, where it bore on the outside of it. You could stick your fingers in the space where the water could run in.

"Q.   That was faulty construction outside? A. Yes, sir; the water would run in there when it rained."

This evidence shows the repairs were not to the window proper, but of the wall wherein the window was placed.

No declarations of law were asked or given. The court, as the abstracts show, found the facts to be that under the terms of the lease appellant was obliged to make wall repairs and that the repairs for which judgment was given were wall repairs. We see no just ground for complaint of these findings, and affirm the judgment. All concur .